UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:19-cv-00222-GZS |
| v. | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION
ON MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiff evidently alleges her due process rights were violated during state court proceedings related to certain real property. The matter is before the Court on Plaintiff's motion for preliminary injunction. (Motion, ECF No. 12.) Following a review of the record, and after consideration of Plaintiff's motion, I recommend the Court deny the motion.

### DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Federal Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTC Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). When evaluating a request for preliminary injunction, courts "must consider (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." *Ross–Simons*

*of Warwick, Inc. v. Baccarat, Inc.,* 102 F.3d 12, 15 (1st Cir. 1996). The likelihood of success factor is given the most weight. *Id.* at 16 ("Likelihood of success is the main bearing wall[.]").

In this case, Plaintiff has not demonstrated that she is likely to prevail on her claim. While the gravamen of Plaintiff's complaint is somewhat difficult to discern, Plaintiff appears to challenge a decision of the state court.[1] The decision evidently involves a dispute between Plaintiff and her brother regarding the property on which Plaintiff resides or has resided.

Federal district courts do not have jurisdiction to act as an appellate court to review the rulings of state courts. The only federal court with such authority is the United States Supreme Court. *Silva v. Massachusetts*, 351 F. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam))); *see also Lance,* 546 U.S. at 460 ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005))).

In *McKenna v. Curtin*, 869 F.3d 44 (1st Cir. 2017), the First Circuit reiterated the scope and significance of the *Rooker-Feldman* doctrine, and its reasoning is instructive in

---

[1] Plaintiff has described this action as an appeal. (ECF Nos. 1, 10, 12.)

this case. The First Circuit, relying on the *Rooker-Feldman* doctrine, affirmed the dismissal of the plaintiff's claim that the proceedings that resulted in a state court order suspending him from the practice of law violated his rights under the First, Seventh, and Fourteenth Amendments to the United States Constitution. The First Circuit reasoned that because the plaintiff complained of harm arising from a state court order, and asked the federal district court "to countermand that order," his claim was "precisely the 'functional equivalent of an appeal' that the *Rooker-Feldman* doctrine forbids." *Id.* at 48 (quoting *Badillo-Santiago*, 378 F.3d at 6). The First Circuit also concluded that the plaintiff's claims did not constitute a challenge on behalf of the public for declaratory relief regarding the constitutionality of state court proceedings, because "*all* of the allegations in his complaint concern the constitutionality of the rules *as applied to him*." *Id.* (emphasis in original).

Plaintiff's claim similarly is the "functional equivalent of an appeal." Plaintiff, therefore, has not demonstrated that she is likely to prevail on her claim in this Court. Given that "[t]he sine qua non of [the] four-part inquiry [for an injunction] is likelihood of success on the merits," Plaintiff is not entitled to a preliminary injunction. *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for preliminary injunction.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

3

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of June, 2019.