# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ELIZABETH SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:19-cv-00222-GZS |
| v. | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION
### AFTER REVIEW OF PLAINTIFF'S COMPLAINT

In this action, Plaintiff evidently alleges her due process rights were violated during state court proceedings related to certain property. The property-related dispute apparently involves at least two of Plaintiff's siblings.

Plaintiff filed an application to proceed in forma pauperis, which application the Court granted. (ECF No. 13.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.[1] 28 U.S.C. § 1915(e)(2). After review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing

---

[1] After filing the complaint, Plaintiff also asked the Court to consider her filings in *Smith v. Maine Court System*, No. 18-cv-202-GZS, which action was dismissed without prejudice due to Plaintiff's failure to prosecute the claim (Plaintiff failed to pay the filing fee or file a completed application to proceed in forma pauperis). Because the dismissed action appears to assert a claim based on the same circumstances that she references in this action, I granted the motion and considered Plaintiff's allegations in the dismissed action and in this action.

an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A review of Plaintiff's submissions reveals that Plaintiff is involved in a dispute with family members over property that at one time was owned by her parents. Plaintiff's submissions also reflect that the dispute has been litigated in state court. In this action, which Plaintiff at various times in her filings refers to as an "appeal," Plaintiff essentially challenges the state court process and result.

First, to the extent Plaintiff asserts a claim for damages against the State of Maine under 42 U.S.C. § 1983, the State of Maine is not a person subject to federal court jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, and the Eleventh Amendment bars the case from proceeding against the State in federal court. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009); *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003).

In addition, as explained in the recent recommended decision on Plaintiff's motion for preliminary injunction:

> Federal district courts do not have jurisdiction to act as an appellate court to review the rulings of state courts. The only federal court with such authority is the United States Supreme Court. *Silva v. Massachusetts*, 351 F. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments'") (quoting *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam)); *see also Lance,* 546 U.S. at 460 ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)).

> In *McKenna v. Curtin*, 869 F.3d 44 (1st Cir. 2017), the First Circuit reiterated the scope and significance of the *Rooker-Feldman* doctrine, and its reasoning is instructive in this case. The First Circuit, relying on the *Rooker-*

*Feldman* doctrine, affirmed the dismissal of the plaintiff's claim that the proceedings that resulted in a state court order suspending him from the practice of law violated his rights under the First, Seventh, and Fourteenth Amendments to the United States Constitution. The First Circuit reasoned that because the plaintiff complained of harm arising from a state court order, and asked the federal district court "to countermand that order," his claim was "precisely the 'functional equivalent of an appeal' that the *Rooker-Feldman* doctrine forbids." *Id.* at 48 (quoting *Badillo-Santiago*, 378 F.3d at 6). The First Circuit also concluded that the plaintiff's claims did not constitute a challenge on behalf of the public for declaratory relief regarding the constitutionality of state court proceedings, because "*all* of the allegations in his complaint concern the constitutionality of the rules *as applied to him.*" *Id.* (emphasis in original).

Plaintiff's claim similarly is the "functional equivalent of an appeal."

(Recommended Decision at 2-3, ECF No. 18.)

In short, Plaintiff has not asserted a claim within this Court's subject matter jurisdiction. Accordingly, dismissal of this action is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of July, 2019.